23-1322-bk

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-five.

PRESENT:  DENNY CHIN,
          SARAH A. L. MERRIAM,
          MARIA ARAÚJO KAHN,
              *Circuit Judges*,

_____

IN RE: RICHARD JOSEPH LEGENZA,

    *Debtor*,

_____

GINA DEL ROSARIO,

    *Plaintiff-Appellee*,

       v.                                                      23-1322-bk

RICHARD JOSEPH LEGENZA,

    *Debtor-Defendant-Appellant*.

_____

FOR DEBTOR-DEFENDANT-APPELLANT: Denis A. Kitchen, Denis A. Kitchen, P.C., Williamsville, NY.

FOR PLAINTIFF-APPELLEE: M. Salman Ravala, Criscione Ravala, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION**, the judgment of the District Court entered on July 27, 2023, is **AFFIRMED**.

Debtor-defendant-appellant Richard Joseph Legenza ("Legenza") appeals from the District Court's judgment affirming the Bankruptcy Court's grant of summary judgment, pursuant to 11 U.S.C. §727(a)(3), denying him a discharge in bankruptcy.

Plaintiff-appellee Gina Del Rosario ("Del Rosario") loaned Legenza $58,000 to develop a casino-based blackjack game that Legenza created called "Wild Aces." The parties executed a "Loan and Royalty Agreement" (the "Agreement") under which the debt was acknowledged to be $70,000 – accounting for interest – and "Legenza assigned to Del Rosario a percentage of royalties he would receive from licensing the game." *Legenza v. Del Rosario*, 653 B.R. 295, 298 (W.D.N.Y. 2023) ("*Legenza II*"). But Legenza failed to place Wild Aces in at least 30 casinos in 30 months, as required by the Agreement, and Del Rosario asserted her right to cancel the Agreement and request the return of her funds. Legenza did not return her funds, so Del Rosario sued him in Nevada state court. Soon after Del Rosario's Nevada case was initiated, however, Legenza relocated to Buffalo and commenced bankruptcy proceedings in the U.S. Bankruptcy

2

Court for the Western District of New York.

On November 22, 2021, Del Rosario initiated an adversary proceeding against Legenza requesting that the Bankruptcy Court deny a discharge to Legenza on several bases, including "under 11 U.S.C. §727(a)(3) because Mr. Legenza concealed, failed to keep or preserve sufficient recorded information, including books, documents, records, and papers, from which his financial condition or business transactions related to Plaintiff's investment might be ascertained." App'x at 232. Del Rosario and Legenza filed cross-motions for summary judgment and on October 20, 2022, the Bankruptcy Court granted summary judgment in Del Rosario's favor and denied Legenza's discharge as to his debt to Del Rosario, pursuant to 11 U.S.C. §727(a)(3). On July 26, 2023, the District Court affirmed, and Legenza now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## STANDARD OF REVIEW

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (citation and quotation marks omitted). We review a "grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment is sought." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (citation and quotation marks

3

omitted).[1]

## DISCUSSION

Legenza argues that the District Court erred in affirming the Bankruptcy Court's order granting summary judgment to Del Rosario under §727(a)(3). Specifically, he contends that (1) Del Rosario "had complete and accurate information concerning the status of [his] business affairs, activities and finances"; (2) the District Court "improperly rejected [his] justification for the loss of records and the authority of" a 2001 decision by a bankruptcy court;[2] and (3) "summary judgment was not appropriate in determination of [his] justification based on the rules governing summary judgment and statutory standard of 'all the circumstances of the case.'" Appellant's Br. at 8, 11, 30 (capitalization altered). Del Rosario contends that "[t]he Bankruptcy Court and the District Court both correctly found that Legenza was without justification for failing to produce, maintain, and preserve any records from which his financial condition or business transactions could be ascertained, as required by 11 U.S.C. §727(a)(3)," Appellee's Br. at 8, and that "the District Court's decision should be affirmed." *Id.* at 14.

---

[1] We have held that, at least in some circumstances, a "bankruptcy court's decision to deny a discharge [under section 727] is reviewed for abuse of discretion." *In re Jones*, 786 F. App'x 309, 311 (2d Cir. 2019) (summary order). Whether we apply *de novo* or abuse of discretion review here, the outcome is the same.

[2] Legenza argues on appeal as he did in the District Court that the lower courts "should have applied the standards set forth in *In re Brenes*, 261 B.R. 322, 329 (Bankr. D. Conn. 2001) to assess justification." *Legenza II*, 653 B.R. at 300 n.2. A decision of the Bankruptcy Court for the District of Connecticut in an unrelated matter is not binding upon the Bankruptcy Court for the Western District of New York, the District Court, or this Court.

4

A debtor will not receive a discharge if he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. §727(a)(5). Such an explanation requires a debtor to have maintained adequate records, and the failure to maintain such records constitutes an independent basis for the denial of discharge:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. §727(a)(3).[3] "It has long been law that the privilege of discharge depends upon the debtor's disclosure of a true and accurate picture of its financial affairs." *In re Chalasani*, 92 F.3d 1300, 1309 (2d Cir. 1996). "The initial burden lies with the creditor to show that the debtor failed to keep and preserve any books or records from which the debtor's financial condition or business transactions might be ascertained." *In re Cacioli*, 463 F.3d 229, 235 (2d Cir. 2006) (citation omitted). "If the creditor shows the absence of records, the burden falls upon the bankrupt to satisfy the court that his failure to produce them was justified." *Id.* (citation omitted). A bankruptcy court has "reasonably wide discretion in determining whether the produced records satisfy the statutory requirements of Section 727(a)(3)." *In re Shapiro*, 59 B.R. 844, 848 (Bankr. E.D.N.Y. 1986); *see also*

---

[3] "The purpose of §727(a)(3) is to give a creditor and the Bankruptcy Court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge." *In re Artura*, 165 B.R. 12, 15 (Bankr. E.D.N.Y. 1994).

*Meridian Bank v. Alten*, 958 F.2d 1226, 1230 n.2 (3d Cir. 1992) ("A bankruptcy court may properly exercise discretion when determining, on findings of particular basic and inferred facts, whether a debtor has successfully demonstrated that its failure to keep adequate records was ultimately 'justified.'").

Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We agree that Del Rosario has met her burden on summary judgment.

The absence of records is undisputed. Legenza "chose to keep the proceeds of Del Rosario's loan in the form of cash" even though he did maintain bank accounts for other purposes; as a result, there were no statements to track the funds. *In re Legenza*, 645 B.R. 161, 164 (Bankr. W.D.N.Y. 2022) ("*Legenza I*"). In so doing, "Legenza proceeded at his own risk in relying solely on the use of a cash journal." *Id.* The risk was real. Legenza lost his cash journal and other records when he moved from Las Vegas to New York, entrusting those materials to a moving company. Legenza contends that it was reasonable to entrust the papers to a moving company, and that under all the circumstances, his failure to maintain adequate records was justified. We are not persuaded. Legenza was in business, even if it was a small business. The loan was for a

6

significant amount.  He had bank accounts but declined to use one of them for the loan funds.  And he had no back-up accounting in place when he entrusted his cash journal to a moving company.  The cases on which Legenza relies are readily distinguishable; he has presented no case in which a debtor lost *all written records* of financial transactions concerning the debt and yet was given a discharge of that debt.

Legenza further argued in the District Court that "the expenses involved [in his] marketing and sales of Wild Aces were reasonably reproducible based on [his] recollection of [his] activities."  App'x at 22.  We agree with the District Court that "even if that is true, Legenza's mental reconstruction of his transactions is not an adequate substitute for actual records, as a creditor is not required to take the debtor's word as to his financial situation."  *Legenza II*, 653 B.R. at 300 (citation and quotation marks omitted); *cf. In re Underhill*, 82 F.2d 258, 260 (2d Cir. 1936).  Mere memories are not enough.  *See, e.g.*, *In re Sethi*, 250 B.R. 831, 838 (Bankr. E.D.N.Y. 2000) (stating that the "test is whether there is available *written evidence* made and preserved from which the debtor's present financial condition, and his recent business transactions for a reasonable period in the past, may be ascertained with substantial completeness and accuracy" (emphasis added)); *In re Delancey*, 58 B.R. 762, 769 (Bankr. S.D.N.Y. 1986) ("[A] vague, indefinite and uncorroborated hodge-podge of financial transactions will not suffice under 11 U.S.C. §727(a)(5) for an adequate explanation of the loss or deficiency of assets.").

The Bankruptcy Court correctly concluded that Legenza's "inability to reconstruct" a record of his cash journal "demonstrates a failure to maintain the type of

7

reasonable backup such as might derive from bank records" and that, "[u]nder all of the circumstances of this case, he cannot justify his failure to maintain and preserve records from which his 'financial condition or business transactions might be ascertained' as required by §727(a)(3) of the Bankruptcy Code." *Legenza I*, 645 B.R. at 165. And as the District Court explained: "The undisputed facts show that Legenza failed to keep or preserve records from which his financial condition or business transactions might be ascertained, and that such failure was not justified under the circumstances. Therefore, the Bankruptcy Court properly granted summary judgment under Section 727(a)(3)." *Legenza II*, 635 B.R. at 300.

Accordingly, upon *de novo* review we conclude that the Bankruptcy Court properly granted summary judgment denying Legenza a discharge under §727(a)(3), and that the District Court properly affirmed that ruling. *See id.*; *see also In re Kalikow*, 602 F.3d at 91; *Nick's Garage, Inc.*, 875 F.3d at 113.

*       *       *

We have considered Legenza's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8